# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICHARD S. BAILEY, SR. and SHARON BAILEY, a married couple,<br><br>    Plaintiffs,<br><br>v.<br><br>B. BRAUN MEDICAL INC., a Pennsylvania corporation, AESCULAP INCORPORATED, a Pennsylvania Corporation, AESCULAP IMPLANT SYSTEMS, a Pennsylvania Corporation, B. BRAUN INTERVENTIONAL SYSTEMS, INC., a Delaware Corporation, JOHN AND JANE DOES I-X, BLACK AND WHITE CORPORATIONS I-X,<br><br>    Defendants. | 1:16-cv-1544-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Richard S. Bailey, Sr. and Sharon Bailey's (together, "Plaintiffs") Motion for Leave to File Amended Complaint to Add "Braun S.A.S." as a Defendant [33] ("Motion to Amend"). Also before the Court is Plaintiffs' Motion to Transfer Case to Southern District of Georgia [34] ("Motion to Transfer"). Also before the Court is Defendants B.

Braun Medical Inc., Aesculap, Inc., Aesculap Implant Sytems, LLC, and B. Braun Interventional Systems Inc.'s (collectively, "Defendants") Motion for Leave to File Surreply [45].

I.  BACKGROUND

This is a medical device products liability action stemming from the implant of a B. Braun VenaTech filter in Plaintiff Richard Bailey's inferior vena cava. On April 13, 2016, Plaintiffs filed their Complaint in the State Court of Gwinnet County, Georgia. ([1.1]). On May 12, 2016, Defendants filed their Notice of Removal. ([1]).

On March 6, 2017, Plaintiffs filed their Motion to Amend, seeking to amend their Complaint to add B. Braun Medical S.A.S. ("Braun S.A.S.") as a defendant in this action. Plaintiffs contend that, in November 2016, Defendants produced a distributorship agreement identifying Braun S.A.S. as the party granting B. Braun Interventional Systems, Inc.'s distribution rights for the filter at issue in this action. Defendants argue that Plaintiffs' motion is untimely and would unduly delay the resolution of this case. Defendants also argue that the Court should deny Plaintiffs' motion because Braun S.A.S. is not subject to personal jurisdiction in Georgia.

The same day, Plaintiffs filed their Motion to Transfer. Plaintiffs argue that neither the Defendants nor any other witnesses to the case are residents of the Northern District of Georgia, and causing the witnesses to travel hundreds of miles for trial will impose a substantial inconvenience on them. Plaintiffs also argue that Mr. Bailey is not in good health and should not have to bear the burden of traveling hundreds of miles to the Northern District. Defendants contend that, by filing suit in the Northern District, participating in discovery here, and waiting almost ten months to move to transfer, Plaintiffs have waived any argument that the Southern District of Georgia is a more convenient forum. On April 10, 2017, Defendants filed their Motion for Leave to File Surreply, in which they present Mr. Bailey's deposition testimony showing that he travels long distances around Georgia many times a month, mostly to attend Masonic meetings.[1]

## II. DISCUSSION

### A. Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed either within twenty-one (21) days of service of the original complaint or within twenty-one (21) days of the defendant's filing of a responsive pleading or Rule 12

---

[1] Defendants' Motion for Leave to File Surreply is granted.

motion to dismiss. Fed. R. Civ. P. 15(a)(1). Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Ala Ct. of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "There must be a substantial reason to deny a motion to amend." Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The standard for deciding a motion for leave to add parties under Rule 21 is the same as the standard under Rule 15(a). Loggerhead Turtle v. County Council of Volusia County, Fla., 148 F.3d 1231, 1255 (11th Cir. 1998) (internal quotation marks and citations omitted).

Plaintiffs contend that, in November 2016, Defendants produced a distributorship agreement identifying Braun S.A.S. as the party granting B. Braun Interventional Systems, Inc.'s distribution rights for the filter at issue in this action.

4

Plaintiffs claim that, until they reviewed Defendants' January 2017 production and the parties met-and-conferred regarding it, they did not know that Defendants did not have information regarding the filter design, testing, and manufacturing. Plaintiffs further show that, after Plaintiffs filed their motion, Defendants' counsel took the position that the only entity that could answer questions about design, development, and manufacture of the filter at issue is Braun S.A.S. Defendants argue that Plaintiffs' motion is untimely and would unduly delay the resolution of this case. Defendants argue that Plaintiffs should have moved in November 2016 to add Braun S.A.S. Defendants also argue that the addition of Braun S.A.S. will unduly delay the resolution of this case, because service would need to be made on Braun S.A.S. under the Hague Convention, and then additional discovery will be required.

The Court finds that Plaintiffs were not dilatory in filing their motion. It appears Plaintiffs filed their motion within several weeks of learning that Braun S.A.S. was the sole entity in possession of the information Plaintiffs seek, and perhaps the sole entity responsible for the design, development, and manufacture of the filter at issue. The Court also finds that the addition of Braun S.A.S. as a party, while requiring additional time for service and discovery, will not unduly delay this litigation. If Braun S.A.S. is not added, Plaintiffs represent they would

seek leave to subpoena Braun S.A.S. for documents and Rule 30(b)(6) depositions as a non-party, which also will be a lengthy process.

Defendants next argue that amendment would be futile, because Plaintiffs cannot show the Braun S.A.S. is subject to personal jurisdiction in Georgia.[2] "[C]urrent parties 'unaffected by the proposed amendment' do not have standing to assert claims of futility on behalf of proposed defendants." Custom Pak Brokerage, LLC v. Dandrea Produce, Inc., No. CIV. 13-5592 NLH/AMD, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) (quoting Clark v. Hamilton Mortg. Co., No. 07-252, 2008 WL 919612, at *2 (W.D. Mich. Apr.2, 2008)). "Rather, current parties only possess standing to challenge an amended pleading directed to proposed new parties on the basis of undue delay and/or prejudice." Id. (citing Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc., 747 F.2d 1396, 1404 (11th Cir. 1984)). Accordingly, Defendants lack standing to challenge the proposed amendment on the grounds of futility. The Court finds Defendants fail to show undue delay, bad faith, or dilatory motive, and Plaintiffs' Motion to Amend is granted.

---

[2] Counsel for Defendants state that they do not represent Braun S.A.S., and they are not authorized to speak on its behalf. ([41] at 2 n.2).

B.     Motion to Transfer

Plaintiffs seek to transfer this action to the Southern District of Georgia. Defendants contend that, by filing suit in the Northern District, participating in discovery here, and waiting almost ten months to move to transfer, Plaintiffs have waived any argument that the Southern District of Georgia is a more convenient forum.  The Court disagrees.  Federal Rule of Civil Procedure 12(h) provides that a "party waives any defense listed in Rule 12(b)(2)-(5) by" failing to raise it in a previous motion to dismiss or a responsive pleading.  Fed. R. Civ. P. 12(h)(1). Plaintiffs, however, do not seek dismissal for improper venue under Rule 12(b)(3). Plaintiffs seek transfer under 28 U.S.C. § 1404(a).  The cases Defendants rely upon do not apply here, and Plaintiffs have not waived their right to file a Section 1404(a) motion.  See Great Socialist People's Libyan Arab Jamahiriya v. Miski, 496 F. Supp. 2d 137, 140 n.3 (D.D.C. 2007) ("[A] motion to transfer may be made at any time after the initiation of an action under [Section] 1404(a).").

The Court thus turns to the merits of Plaintiffs' Motion to Transfer.  A district court may transfer an action to another district, where the case could have been brought originally, "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." 28 U.S.C. § 1404(a).  See generally Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (holding that the purpose of Section 1404(a)

7

is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense" (internal quotation marks omitted)).[3]  The party seeking transfer of an action bears the burden of establishing that the balance of Section 1404(a) interests favors transfer.  In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).[4]  The decision to transfer a case under Section 1404(a) rests within the Court's sound discretion.  See Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (reviewing district court's transfer of venue for "clear abuse of discretion").

Plaintiffs note that they originally filed their lawsuit in state court in this district because of its proximity to Atlanta and its airport.  Plaintiffs expected the majority of witnesses to be out-of-state experts. On January 18, 2017, Defendants indicated that they seek to depose eleven treating physicians, nearly all of whom reside in the Southern District.  Plaintiffs argue that neither the Defendants nor any

---

[3]  Defendants do not contest that this action could have been brought originally in the Southern District of Georgia.

[4]  A district court may consider several factors in evaluating a motion to transfer, among them:  (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.  Manuel v. Convergys Corp., 430 F.3d 1132, 1135 & n.1 (11th Cir. 2005).

other witnesses in this case are residents of the Northern District of Georgia, and causing the witnesses to travel hundreds of miles for trial will impose a substantial inconvenience on them. Plaintiffs note that the majority of the events giving rise to Plaintiffs' claims occurred in the Southern District. Plaintiffs also argue that Mr. Bailey is not in good health and should not have to bear the burden of traveling hundreds of miles to the Northern District.

"The primary focus of a venue inquiry is the convenience of litigants and witnesses, although it is more concerned with the litigant who has not chosen the forum than with the litigant who has . . . ." Bond Safeguard Ins. Co. v. Ward, No. 1:09-cv-0093-WSD, 2009 WL 1370935, at *4 (N.D. Ga. May 14, 2009) (quoting Wright, Miller & Cooper, Federal Practice and Procedure 14D, 3d ed. § 3801). Here, Plaintiffs chose to file suit in Gwinnett County, located in the Northern District of Georgia. Defendants show that the Northern District of Georgia is much more convenient for Defendants, because each of their principal places of business are out-of-state, and none of them conduct business in the Southern District. Both Plaintiffs and Defendants have hired counsel located in Atlanta. Regarding the treating physician witnesses, Defendants note that their depositions will be conducted in the Southern District regardless of whether this action is transferred there. Defendants note that they do not yet know which witnesses will

be called at trial.  Defendants also note that several witnesses live in Pennsylvania, and it would be much easier for these witnesses to travel to Atlanta than to the Southern District.

Regarding Mr. Bailey's claims that he is not in good health and should not have to travel to the Northern District, the Court first notes that Plaintiffs chose to file suit in this district.  Defendants also present Mr. Bailey's deposition testimony showing that he travels long distances around Georgia many times a month, mostly to attend Masonic meetings.  That Mr. Bailey is able to travel many times a month for voluntary events undercuts Plaintiffs' claims.  The Court finds that the convenience of the parties tips slightly in favor of Defendants, and the convenience of the witnesses is a neutral factors.  The Court also finds that the interests of justice is a neutral factor.

Plaintiffs fail to meet their burden to show that the balance of Section 1404(a) interests favors transfer.  Plaintiffs' Motion to Transfer is denied.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Amended Complaint to Add "Braun S.A.S." as a Defendant [33] is **GRANTED**.  The Clerk is **DIRECTED** to docket Plaintiffs' Proposed Amended Complaint

10

[36.1] as the operative complaint in this action.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Transfer Case to Southern District of Georgia [34] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Surreply [45] is **GRANTED**.

**SO ORDERED** this 1st day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE